### GOODALE et al. v. LAUTH.

(Supreme Court, Appellate Term. July 1, 1910.)

1. BROKERS (§ 60*)—COMMISSIONS—WHEN ALLOWED.
    Where the agreement between real estate brokers and the seller of property did not provide that the brokerage commissions should be paid by the buyer, the seller must pay them, where a "ready, able, and willing" purchaser was procured, even though, because of the failure to agree as to the contract of sale, the purchase was not made.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

2. BROKERS (§ 86*)—ACTIONS FOR COMMISSIONS—EVIDENCE—SUFFICIENCY.
    The evidence in an action to recover brokerage commissions *held* insufficient to show any agreement between the parties as to commissions.
    [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel B. Goodale and others against John T. Lauth. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Warren Bigelow, for appellants.
Jerome C. Lewis, for respondent.

GUY, J. Plaintiffs appeal from a judgment rendered in favor of defendant after a trial by the court without a jury. The action is brought to recover real estate brokers' commissions for having procured, at the request of defendant, a purchaser ready, willing, and able to purchase defendant's property on the terms and at the price fixed by him.

The defendant testified on the trial that in his first conversation with the plaintiffs he stated the price to be "$28,000 net." This plaintiffs deny. Defendant testified that he told plaintiffs the offer to pur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

chase must be put in writing, and subsequently plaintiffs wrote defendant, stating that they had a purchaser who would pay "$28,000, * * * all cash." Nothing was said in the letter about commissions. This offer was accepted by defendant through his lawyer, who, defendant admits, was authorized to act for him in the matter. Subsequently, on the suggestion of defendant's lawyer, plaintiffs drew up a form of contract and submitted it on behalf of the purchaser. A dispute arose over the form of contract, and the negotiations fell through. Plaintiffs subsequently demanded their commissions from the defendant, and defendant refused to pay the same.

The employment of plaintiffs by defendant having been admitted, with knowledge on the part of the defendant of the character of plaintiffs' business, real estate brokers, and plaintiffs having produced a purchaser ready, able, and willing to purchase defendant's property at the price and upon the terms fixed by defendant, the plaintiffs would be entitled to recover, in the absence of an express agreement, as claimed by the defendant, that the commissions should be paid by the purchaser, and not by the seller. The evidence does not, in my judgment, establish any special agreement as to commissions. On the contrary, the preponderance of evidence is that no such special agreement was made.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.